IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| DOMINIQUE WELLS, | ) | |
| | ) | No. 3:11-cv-00048-CRW-CFB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROFESSIONAL ACCOUNT | ) | ORDER |
| MANAGEMENT, L.L.C.; and | ) | |
| DOES 1 through 10 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court because no Answer or responsive pleading has been filed, and Plaintiff has filed a motion for default judgment (Clerk's No. 7) and an amended motion for default judgment (Clerk's No. 9). Based upon a review of the file, it appears that Plaintiff has yet to properly serve the named Defendant, Professional Account Management, L.L.C.[1] (PAM), or obtain PAM's filed waiver of service under Federal Rule of Civil Procedure 4(d). Similarly, Plaintiff has not identified or properly served any of the ten Doe Defendants, or obtained a filed waiver of service from any Doe Defendant. Without proper service or Defendants' filed waiver of service, this Court does not have jurisdiction over Defendants and cannot rule on the motion for default judgment and the amended motion for default judgment.

**I. BACKGROUND**

Plaintiff filed a Complaint on April 12, 2011, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. § 1681. Subsequently, Plaintiff, who is proceeding *pro se*, filed Proofs of Service indicating that

---

[1] In the caption of her Complaint, Plaintiff identifies Defendant PAM, as "PROFESSIONAL ACCT MANAGEMENT, LLC a corporation." (Compl. 1.) In the body of the Complaint, however, Plaintiff refers to Defendant PAM as a L.L.C, and not as a corporation. The Court notes that L.L.C is the abbreviation of limited liability company. *See* BLACK'S LAW DICTIONARY 1019 (9th ed. 2009). Furthermore, PAM is registered as a limited liability company with both the Wisconsin Department of Financial Institutions and the Iowa Secretary of State, as shown on their databases. Accordingly, the Court assumes for purposes of this Order that PAM is a limited liability company, not a corporation.

Tiffany Wells mailed the Summons by Certified Mail to Michael Nickolaus, Registered Agent for PAM in Wisconsin, on May 3, 2011 (Clerk's No. 5 and 8). On August 29, 2011, Plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55, and Plaintiff filed an amended motion for default judgment on September 19, 2011.

## II. APPLICABLE LAW AND DISCUSSION

To satisfy the requirements for service on PAM, a limited liability company, Plaintiff must show she has accomplished service by serving a copy of the Summons and a copy of the Complaint to the proper individual in the proper manner. FED. R. CIV. P. 4. To accomplish this, Plaintiff may choose one of the following three methods:

1. If Plaintiff chooses to serve PAM in Wisconsin, she must follow Wisconsin law for service. *Id.* at 4(h)(1)(A); WIS. STAT. ANN § 801.11(5). Under Wisconsin law, a limited liability company's registered agent is the limited liability company's agent for service of process. *See* WIS. STAT. ANN § 183.0105(8)(a). According to Plaintiff, Michael Nickolaus is the registered agent for PAM in Wisconsin. Personal service of PAM's registered agent is required. *See* WIS. STAT. ANN § 801.11(5). If Michael Nickolaus (or whoever is the registered agent) cannot with reasonable diligence be personally served, only then may PAM be served by registered or certified mail, return receipt requested, addressed to PAM at its principal office. *See id.* at § 183.0105(8)(b); FED. R. CIV. P. (4)(e)(1).

2. If Plaintiff chooses to serve PAM under Iowa law, see Federal Rule of Civil Procedure (4)(e)(1), she must follow Iowa law for service by serving the registered agent pursuant to Iowa Rule of Civil Procedure 1.305. Under Iowa law, the registered agent for a limited liability company, such as PAM, is the limited liability company's agent for service of process. *See* IOWA CODE § 489.116(1). The Iowa Secretary of State's database indicates the registered agent for PAM in Iowa is C T Corporation System, 500 East Court Avenue, Des Moines, Iowa 50309.

The registered agent must be served with personal service, because Iowa law requires personal service on a defendant. *See* IOWA R. CIV. P. 1.305. Service by mail, even registered mail, does not comply with the personal service requirement as set out in Rule 1.305. *Harrington v. City of Keokuk*, 141 N.W.2d 633, 637-38 (Iowa 1966).

3. Finally, Plaintiff may accomplish service by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). As with the previous two options, federal law requires personal service upon a Defendant. *See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000). The registered agent for PAM in Wisconsin, or the registered agent for PAM in Iowa, would be an appropriate agent to personally serve under Rule 4(h)(1)(B). FED. R. CIV. P. 4(h)(1)(B).

Unless good cause is shown, proper service must be accomplished within 120 days following the filing of the Complaint, which in this case means that proper service should have been accomplished by August 10, 2011. *See* FED. R. CIV. P. 4(m). If a defendant is not served within this time limit, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

The Court previously extended the deadline for Plaintiff to accomplish service. (Clerk's No. 6.) The Court grants Plaintiff a final extension of time, until November 7, 2011, pursuant to Federal Rule of Civil Procedure 4(m), in order to properly complete service.

Plaintiff's previously filed Proofs of Service failed to indicate whether a copy of the Complaint was provided along with a copy of the Summons. When Plaintiff properly completes service, she shall indicate whether the Summons and Complaint were personally served on Defendants.

Further, the Proofs of Service that Plaintiff previously filed stated that the Summons for Dominique Wells was received by Tiffany Wells on April 28, 2011. However, the Summons in this case is not for Dominique Wells, but is for the defendants. When Plaintiff completes service on PAM and the identified Does, she shall indicate for each Proof of Service she files that the appropriate Summons and Complaint were personally served on the defendant. The Court gives Plaintiff this final opportunity to properly complete Service of Process by complying with Federal Rule of Civil Procedure 4, and personally serving Defendants, or obtaining Defendants' filed waiver of personal service pursuant to Federal Rule of Civil Procedure 4(d).

### III. CONCLUSION

The Court grants Plaintiff an additional 30 days, until November 7, 2011, to accomplish proper Service of Process on Defendant PAM, or for PAM's waiver of service to be filed. The Court also grants Plaintiff an additional 30 days, until November 7, 2011, to identify the Doe

Defendants, and to either personally serve each Doe Defendant or obtain each Doe Defendant's filed waiver of service. Pursuant to Federal Rule of Civil Procedure 4(m), this case may be dismissed against any and all Defendants from whom proper service or waiver of service is not obtained by November 7, 2011. Ruling on the motion and amended motion for default judgment is deferred until the issue of service is resolved.

IT IS SO ORDERED.

Dated this 5th day of October, 2011.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE